| | |
|---|---|
| 2120 - Served | 2121 - Served |
| 2220 - Not Served | 2221 - Not Served |
| 2320 - Served By Mail | 2321 - Served By Mail |
| 2420 - Served By Publication | 2421 - Served By Publication |

SUMMONS

(7-90) CCG-I

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### COUNTY DEPARTMENT, LAW DIVISION

JOHN DOE )
)
)
Plaintiff, )
)
v. )
)
SCHOOL DISTRICT 214; et al. )
)
Defendants. )
)

No.:

```
2016L006313
CALENDAR/ROOM C
TIME 00:00
PI Other
```

**PLEASE SERVE:**
Township High School District 214
2121 S Goebbert Road
Arlington Heights, IL 60005

### SUMMONS

**To:  All Defendants**

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, and pay the required fee, in the office of the Clerk of this Court at the following location: Richard J. Daley Center, 50 West Washington Street, Room _801_, Chicago, Illinois 60602.

You must file within 30 days after service of this summons, not counting the day of service.
IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE TAKEN AGAINST YOU FOR THE RELIEF ASKED IN THE COMPLAINT.

**To the officer:**

This summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this summons shall be returned so endorsed. This summons may not be served later than 30 days after its date.

Atty. No.:  35875

Name: BRUNO R. MARASSO, ROMANUCCI & BLANDIN

Attorney for: Plaintiff

Address: 321 North Clark Street, Suite 900

City/State/Zip:  Chicago, Illinois 60654

Telephone:   312-458-1000

WITNESS  **DOROTHY BROWN**
CLERK OF CIRCUIT COURT

JUN 24 2016

Date of service: _____

(To be inserted by officer on copy left with defendant or other person)

*Law Division Room 801
Chancery-Divorce Division Room 802
County Division Room 801
Probate Division Room 1202

### DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

**EXHIBIT A**

**DIE DATE**
07/17/2016

^02150996^

DOC.TYPE:   LAW
CASE NUMBER:   16L006313
DEFENDANT                                          SERVICE INF
TOWNSHIP HIGH SCHOOL DISTRICT 214 RM 801
2121 S GOBBERT RD
ARLINGTON HEIGHTS, IL 60005

**ATTACHED**

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

JOHN DOE;                                             )
                                                      )
    Plaintiff,                    )
                                                      )          2016L006313
        v.  )          CALENDAR/ROOM C
                                                      )          TIME 00:00
SCHOOL DISTRICT 214; KIRK LAXO,                       )          PI Other
individually and as agent;  MICHELLE                  )
DOWLING, individually and as agent; DAVID             )
SCHULER, individually and as agent, MARK              )          No.
TAYLOR, individually and as agent;                    )
SUZETTE SANECKI, individually and as                  )
agent; DOE TEACHERS 1-3, individually and             )   **PLAINTIFF DEMANDS TRIAL**
as agents of School District 214,                     )   **BY JURY**
                                                      )
    Defendants.                   )

## COMPLAINT AT LAW

NOW COME the Plaintiff, JOHN DOE, by and through his attorneys, and complaining against Defendants, SCHOOL DISTRICT 214; KIRK LAXO, individually and as agent; MICHELLE DOWLING, individually and as agent; DAVID SCHULER, MARK TAYLOR, individually and as agent; SUZETTE SANECKI, individually and as agent; DOE TEACHERS 1-3, individually and as agents of School District 214, (collectively "Defendants"), pleading hypothetically and in the alternative, state as follows:

## INTRODUCTION

1. This is a tort action brought by an African-American, former student at Prospect High School who was the victim of a years-long pattern of racially motivated harassment, discrimination, disparate treatment and bullying on the part of his fellow students, teachers, and school staff.

2. Throughout his tenure at Prospect High School Plaintiff JOHN DOE was on the receiving end of bullying and harassment that went unpunished and was disciplined to a disproportionate degree when compared to his white classmates.

3. Students at Prospect High School repeatedly and continuously bullied JOHN DOE without fear of being punished.

4. Simultaneously, Plaintiff JOHN DOE experienced discrimination, disparate treatment and harassment from his teachers and administrators.

5. The mistreatment of Plaintiff JOHN DOE was sanctioned by school staff and officials, including Prospect High School's principal, who turned a blind eye toward the abuse, even after the abuse was reported repeatedly.

6. Plaintiff JOHN DOE and his family's complaints of mistreatment were largely ignored or dismissed as overreactions.

7. As a direct result of the deliberate indifference and utter disregard of School District 214 and its employees, the Defendants are liable to Plaintiff JOHN DOE for damages under Illinois and federal law.

## PARTIES

### Plaintiffs

8. Plaintiff JOHN DOE, is an African-American resident of the City of Carpentersville, Kane County, Illinois.

9. Plaintiff JOHN DOE was born in 1997.

10.     At all relevant times, Plaintiff JOHN DOE was a resident of Mount Prospect, Cook County, Illinois, and attended Prospect High School, at all relevant times and was a minor at the time of the incidents alleged in this Complaint.

**Defendants**

11.     Defendant SCHOOL DISTRICT 214 is a municipal corporation existing by and under the laws of the State of Illinois, with its principal place of business located in Arlington Heights, Cook County, Illinois.

12. Defendant SCHOOL DISTRICT 214 is the governing entity having authority over Prospect High School and, at all times relevant to this action, was a knowing recipient of federal funds.

13. Defendant DAVID SCHULER ("SCHULER") was an agent of SCHOOL DISTRICT 214 and was the Superintendent of SCHOOL DISTRICT 214 at all relevant times. Defendant SCHULER has been employed by SCHOOL DISTRICT 214 and in that position at all relevant times. As Superintendent, Defendant SCHULER has a duty to supervise and protect the physical safety and dignity of students at Prospect High School at all times.  This includes a duty to enforce the bullying policies, the disciplinary policies, and the Bullying Prevention Plan. As Superintendent Defendant SCHULER also has the ability and authority to take corrective action on behalf of SCHOOL DISTRICT 214 to stop harassment, assault, and bullying, and to discipline perpetrators of such conduct.

14. Defendant MICHELLE DOWLING ("DOWLING") was an agent of SCHOOL DISTRICT 214 and was the Principal of Prospect High School from August 2013 to the present. Defendant DOWLING has been employed by SCHOOL DISTRICT 214 in that position at all relevant times. As Principal, DOWLING has a duty to supervise and protect the physical safety

and dignity of students at Prospect High School at all times. This includes a duty to enforce the bullying policies, the disciplinary policies, and the Bullying Prevention Plan. As Principal, DOWLING also has the ability and authority to take corrective action on behalf of SCHOOL DISTRICT 214 to stop harassment, assault, and bullying, and to discipline perpetrators of such conduct.

15. Defendant KIRK LAXO ("LAXO") was an agent of SCHOOL DISTRICT 214 and was the Principal of Prospect High School until August of 2013. Defendant LAXO was employed by SCHOOL DISTRICT 214 in that position at all relevant times until August of 2013. As Principal, Defendant LAXO has a duty to supervise and protect the physical safety and dignity of students at Prospect High School at all times. This includes a duty to enforce the bullying policies, the disciplinary policies, and the Bullying Prevention Plan. As Principal, LAXO also has the ability and authority to take corrective action on behalf of SCHOOL DISTRICT 214 to stop harassment, assault, and bullying, and to discipline perpetrators of such conduct.

16. Defendant MARK TAYLOR ("TAYLOR") was an agent of SCHOOL DISTRICT 214 and a Dean of Students at Prospect High School at all relevant times. Defendant TAYLOR has been employed by SCHOOL DISTRICT 214 in that position at all relevant times. As Dean of Students, Defendant TAYLOR has a duty to supervise and protect the physical safety and dignity of students at Prospect High School at all times. This includes a duty to enforce the bullying policies, the disciplinary policies, and the Bullying Prevention Plan. As Dean of Students, TAYLOR also has the ability and authority to take corrective action on behalf of SCHOOL DISTRICT 214 to stop harassment, assault, and bullying, and to discipline perpetrators of such conduct.

17. Defendant Suzette Sanecki ("SANECKI") was an agent of SCHOOL DISTRICT 214 and a teaching assistant at Prospect High School at all relevant times. Defendant SANECKI has been employed by SCHOOL DISTRICT 214 in that position at all relevant times. As an assistant teacher, Defendant SANECKI has a duty to supervise and protect the physical safety and dignity of students at Prospect High School at all times. This includes a duty to enforce the bullying policies, the disciplinary policies, and the Bullying Prevention Plan and not harm children under her care. As staff of Prospect High School, Defendant SANECKI also had the ability and authority to take corrective action on behalf of SCHOOL DISTRICT 214 to stop harassment, assault, and bullying, and discipline perpetrators of such conduct or refer them to discipline.

18. Defendants, DOE TEACHERS 1-3, were agents of SCHOOL DISTRICT 214 and staff and/or faculty of Prospect High School at all relevant times. DOE TEACHERS 1-3 have been employed by SCHOOL DISTRICT 214 in these positions at all relevant times. As staff and/or faculty of Prospect High School, DOE TEACHERS 1-3 have the duty to supervise and protect the students at Prospect High School at all times. This includes a duty to enforce the bullying policies, the disciplinary policies, and the Bullying Prevention Plan and not harm children under her care. As staff and/or faculty of Prospect High School, DOE TEACHERS 1-3 also have the ability and authority to take corrective action on behalf of SCHOOL DISTRICT 214 to stop harassment, assault, and bullying, and discipline perpetrators of such conduct or refer them to discipline.

## FACTUAL ALLEGATIONS

19. Plaintiff JOHN DOE attended Mount Prospect High School, from the first day of the 2011-2012 academic year.

20. Plaintiff JOHN DOE graduated from Mount Prospect High School on June 3, 2015.

21.     Plaintiff JOHN DOE has been diagnosed with petit mall seizures, developmental disability and a learning disability.

22.     Accordingly, Plaintiff JOHN DOE had an Individualized Education Program (hereinafter "IEP") in place during the entirety of his attendance at Prospect High School to provide him with required accommodations at school, including special education classes, extended test time, frequent teacher proximity, and preferential seating.

23.     JOHN DOE's race made him a target for unwanted attention and bullying from his peers.

24.     Upon information and belief, District 214 Administrators and Mount Prospect High School faculty and staff, including Defendants SCHULER, DOWLING, LAXO, TAYLOR, SANECKI, and DOE TEACHERS 1-3, were aware that JOHN DOE was continuously subjected to unwanted attention and bullying from his peers.

**I.      School District 214 Bullying and Disciplinary Policies.**

25.     Upon information and belief, during the 2013-2014 academic year, School District 214's "Student and Parent Handbook" (hereinafter "Handbook") was in effect at Prospect High School.

26.     Upon information and belief, the Handbook's Student Discipline Policy applies the school's disciplinary action to school activities on school grounds, off school grounds at school-sponsored activities, traveling to or from school or a school activity, or anywhere if it interferes, disrupts or adversely affects the school environment or an educational function, including conduct that endangers the health or safety of students, staff, or school property.

27.     The Student Discipline Policy contains a list of Prohibited Student Conduct that authorizes the administration to discipline students for the following:

> Engaging in hazing or any kind of bullying or aggressive behavior that does physical or psychological harm to a staff person or another student, or urging other students to engage in such conduct. Prohibited conduct specifically includes, without limitation, any use of violence, intimidation, force, noise, coercion, threats, stalking, harassment, sexual harassment, public humiliation, theft or destruction of property, retaliation, hazing, bullying, bullying using a school computer or a school computer network, or other comparable conduct.

28.     Upon information and belief, the Handbook contains a policy entitled "Prevention of and Response to Bullying, Intimidation, and Harassment" that specifically prohibits bullying on the basis of actual or perceived color, race, or national origin, alongside many other protected classes, during any school sponsored education program or activity and while at the school, its property, or on its school busses.

29.     Upon information and belief, according to the Handbook, bullying includes the following:

> Any severe or pervasive physical or verbal act or conduct... directed toward a student or students that has or can be reasonably predicted to have the effect of one or more of the following: 1. Placing the student or students in reasonable fear of harm to the student's or students' person or property; 2. Causing a substantially detrimental effect on the student's or students' physical or mental health; 3. Substantially interfering with the student's or students' academic performance; or 4. Substantially interfering with the student's or students' ability to participate in or benefit from the services, activities, or privileges provided by a school.

30.     Upon information and belief, the Handbook also requires the District to maintain a bullying prevention plan that advances the District's goal of providing all students with a safe learning environment free of bullying and harassment.

31.     Upon information and belief, The Prevention plan requires the Superintendent or designee to promptly investigate and address reports of bullying by making all reasonable efforts to complete an investigation in 10 days, involving school

personnel, notifying the school principal, and providing information for support services.

32.     Upon information and belief, the Handbook mandates that students will not be disciplined for making good faith complaints, students who engage in bullying will be disciplined, and students making false accusations of harassment may also be subject to disciplinary consequences.

33.     Upon information and belief, the Handbook spells out disciplinary measures that may include disciplinary conferences, withholding of privileges, suspension for up to 10 days, suspension of bus-riding privileges, notifying parents/guardians, temporary removal from the classroom, and in school suspension.

34.     Upon information and belief, the Handbook explicitly states that "Neither isolated time out nor physical restrains shall be used to discipline or punish a student."

**II.     John Doe is bullied and harassed by his fellow students and teachers, and disparately disciplined by Prospect High administration.**

35.     On multiple occasions between December 2011 and June 2015, while DEFENDANT School District 214's actual agents, apparent agents, employees and/or servants, Defendants SCHULER, DOWLING, LAXO, TAYLOR, SANECKI, and DOE TEACHERS 1-3, knowingly failed to oversee JOHN DOE despite the bullying and harassment Plaintiff JOHN DOE was subjected to.

36.     On multiple occasions between December 2011 and June 2015, while DEFENDANT School District 214's actual agents, apparent agents, employees and/or servants, Defendants DOWLING, LAXO, TAYLOR, SANECKI, and DOE

TEACHERS 1-3, were present when JOHN DOE's classmates bullied and harassed him and did nothing to stop it.

37.     Defendant School District 214's actual agents, apparent agents, employees and/or servants, including Defendants SCHULER, DOWLING, LAXO, TAYLOR, SANECKI, and DOE TEACHERS 1-3, whose responsibility included following the Handbook's Bullying Prevention Plan, disciplining students responsible for bullying and providing the students of prospect high school an environment free of bullying and harassment, knew or should have known that subjecting Plaintiff JOHN DOE to disparate treatment and disparate discipline, despite their awareness of his vulnerability to harassment from his peers, caused him to be extremely susceptible to bullying.

38.     Defendant School District 214's actual agents, apparent agents, employees and/or servants, including Defendants SCHULER, DOWLING, LAXO, TAYLOR, SANECKI, and DOE TEACHERS 1-3 whose responsibility included following the Handbook's Bullying Prevention Plan, disciplining students responsible for bullying and providing the students of prospect high school an environment free of bullying and harassment, knew or should have known that by repeatedly failing to discipline students bullying JOHN DOE on the basis of his race, such acts of bullying and harassment could occur and go unpunished.

39.     Defendant School District 214's actual agents, apparent agents, employees and/or servants, including Defendants SCHULER, DOWLING, LAXO, TAYLOR, SANECKI, and DOE TEACHERS 1-3 whose responsibility included following the Handbook's Bullying Prevention Plan, disciplining students responsible for bullying

and providing the students of prospect high school an environment free of bullying and harassment, knew or should have known that by not disciplining staff and teachers who turned a blind eye or took part in the bullying of JOHN DOE on the basis of his race, such acts of bullying and harassment could occur and go unpunished.

40. Defendants have on repeated occasions failed to address or adequately punish racism directed to Plaintiff JOHN DOE and have disciplined him at a far greater scale than his peers.

41. Defendants have failed to protect Plaintiff JOHN DOE from his known bullies and their mode of bullying by physically hurting him, frequently falsely accusing him of prohibited conduct, harassing him using race and stereotypes, threatening him, and using racial epithets.

**III. Plaintiff John Doe is harassed and physically Assaulted by Staff Members on the basis of race.**

42. In December of 2011, Plaintiff JOHN DOE was hit in the head by Defendant SANECKI, the teaching assistant in his Biology class, while said class was being instructed in clear sight of the teacher.

43. Defendant LAXO along with Defendant SANECKI called and apologized to Plaintiff JOHN DOE and his mother, claiming Defendant SANECKI was "sorry" and "had a bad day".

44. Plaintiff JOHN DOE's mother called Defendant SCHULER to inform him of this incident and received no response.

45. Upon information and belief, no further action to discipline Defendant SANECKI was taken by Defendant LAXO or other school employees.

46. In the Spring of 2013, Plaintiff JOHN DOE was called a "Jerk" by math teacher Ms. Davis while in class and was pulled out into the hallway.

47. Ms. Davis called Plaintiff JOHN DOE and apologized.

48. Plaintiff JOHN DOE's mother called Defendant SCHULER to inform him of this incident and received no response.

49. Upon information and belief, no further action to discipline Ms. Davis was taken by Defendant LAXO or other school employees.

**IV. Plaintiff John Doe endures racial epithets and harassment on the basis of race.**

50. Plaintiff JOHN DOE was called the word "nigger" on a weekly basis by a group of nine students, throughout the four years he spent at Prospect High.

51. Plaintiff JOHN DOE frequently reported this to school authorities.

52. Upon information and belief, no action to discipline the students was taken by Defendants DOWLING, LAXO, TAYLOR, and DOE TEACHERS 1-3.

53. On March 22, 2012, Plaintiff JOHN DOE was attending his biology class when he lightly hit a female classmate's hair bun and kicked another classmate in the shin.

54. In retaliation, another female student stated "what, are you a monkey?" and kicked him in the leg.

55. In response, Teacher Delbaccio asked the students to quiet down; Teacher Delbaccio did not inform the female student that such language was unacceptable nor provide any further discipline.

56. On March 23, 2012, Plaintiff JOHN DOE's mother called Defendant TAYLOR to inform him of the events of March 22, 2012.

57. On April 2, 2012, Defendant TAYLOR investigated the events of March 22, 2012 and asked the female student involved to apologize to Plaintiff JOHN DOE.

58. No further discipline was enacted or required by DEFENDANTS LAXO, TAYLOR, or DOWLING.

59. On September 13, 2012, Plaintiff JOHN DOE was in the classroom of Teacher Kathleen Brej when Plaintiff JOHN DOE and a female student engaged in name-calling.

60. Female student called Plaintiff JOHN DOE racial epithets and slurs, including but not limited to "nigger".

61. Teacher Kathleen Brej pulled both Plaintiff JOHN DOE and the female student into the hallway and informed them that such interaction was not acceptable in her class.

62. On information and belief, Teacher Kathleen Brej did not inform the female student that such language was unacceptable nor provide any further discipline.

63. On March 21, 2013, Plaintiff JOHN DOE was called a "nigger" and a "faggot" by a fellow student.

64. On March 21, 2013, Plaintiff JOHN DOE's mother called school to report name-calling, left message, and received no response from Defendants DOWLING, LAXO, TAYLOR, and DOE TEACHERS 1-3.

65. On October 11, 2013, at or around 2:55pm, a female student referred to Plaintiff JOHN DOE as a "nigger" while in his company.

66. On or around October 12, 2013, said female student had a meeting with school staff and her guardian and was sent home for the "remainder of the day."

67.     Upon information and belief, the female student was not disciplined further, by Defendants DOWLING, LAXO, TAYLOR, and DOE TEACHERS 1-3.

68.     On October 23, 2013, Plaintiff JOHN DOE was called a "nigger" by a fellow student.

69.     On October 23, 2013, Plaintiff JOHN DOE's mother called school to report name-calling, left message, and received no response from Defendants DOWLING, TAYLOR, and DOE TEACHERS 1-3.

70.     On March 20, 2014, at or around 3:00pm, Plaintiff JOHN DOE was called "gay" and a "faggot" by a male student on the bus.

71.     On March 21, 2014, school staff held a "student conference" with the offending male student who stated that PLAINTIFF John Doe "was being very loud on the bus and asked people to say it to my face".

72.     Upon information and belief, said male student was not disciplined further after his March 21, 2014, student conference by Defendants DOWLING, TAYLOR, and DOE TEACHERS 1-3.

73.     On April 17, 2014, Plaintiff JOHN DOE's mother called Defendant SCHULER to inform him that Plaintiff JOHN DOE was repeatedly called "nigger" by his fellow classmates.

74.     Upon information and belief, no action was taken after Plaintiff's mother spoke to Defendant SCHULER.

**V.      Plaintiff John Doe is falsely accused and receives disparate punishment on the basis of race.**

75.     On or about March 1, 2012, Plaintiff JOHN DOE was accused by a fellow student of touching her inappropriately in the vagina during class.

76. Immediately upon receiving this report and before any further investigation was done or parents were called, Plaintiff JOHN DOE was taken out of study hall and escorted by a school security guard to the attendance office.

77. Plaintiff JOHN DOE, despite his petit mal seizure condition, was asked to wait in the attendance office while the door was closed and lights were off.

78. Upon information and belief, the door to the attendance was locked by the security guard.

79. Upon information and belief, Plaintiff JOHN DOE's mother had not been called.

80. Plaintiff JOHN DOE was held alone in said attendance office for approximately 35 minutes without explanation, until his mother arrived.

81. Upon Plaintiff JOHN DOE's mother's arrival, the security guard used a key to open the door.

82. Plaintiff JOHN DOE's mother was asked to sign a release by DEFENDANT Dowling.

83. Defendant DOWLING informed Plaintiff JOHN DOE that he would be suspended and would not be allowed to ride the bus.

84. On March 1, 2012, Plaintiff JOHN DOE received a letter in the mail confirming his suspension.

85. Plaintiff JOHN DOE was suspended for three days, during which time the accusing student sent Plaintiff JOHN DOE messages.

86. On information and belief, on or about March 2, 2012, the student who accused Plaintiff JOHN DOE reported that Plaintiff JOHN DOE actually touched her on the stomach.

87. On information and belief, on or about March 2, 2012, the student who accused Plaintiff JOHN DOE reported that Plaintiff JOHN DOE actually just bumped into her.

88. On or about March 1, 2012, the student who accused Plaintiff JOHN DOE of inappropriately touching her sent Plaintiff JOHN DOE a Facebook Message stating "I made it all up because I like you."

89. Plaintiff JOHN DOE's mother returned to school to show Defendant TAYLOR said Facebook message.

90. Upon information and belief, Prospect High School personnel, including Defendants DOWLING and TAYLOR did not investigate the allegations any further and Plaintiff JOHN DOE's accuser was not disciplined in any way by Defendants DOWLING, LAXO, TAYLOR, and DOE TEACHERS 1-3.

91. On or about April 17, 2014, Plaintiff JOHN DOE was sent to the DEFENDANT Mark Taylor's office for watching a video of a cafeteria fight involving two students, hours after Plaintiff JOHN DOE had witnessed subject cafeteria fight, and refusing to give his phone to the teacher.

92. Upon arriving at the office, Plaintiff was required to delete said video.

93. Upon information and belief, other students who had filmed the subject cafeteria fight were not brought down to the office or made to delete their recordings of the subject cafeteria fight.

94. On May 30, 2014, Plaintiff JOHN DOE was bumped into, "flinched at", and threatened by the male student.

95.     Plaintiff JOHN DOE was called into the office and shown a video of the incident by Dean Tedaldi-Monti.

96.     Dean Tedaldi-Monti denied that Plaintiff JOHN DOE was bumped into, "flinched at", and threatened by the male student.

97.     Upon information and belief, Defendants DOWLING and TAYLOR did not discipline the student that threatened Plaintiff JOHN DOE.

98.     Dean Tedaldi-Monti informed Plaintiff JOHN DOE and his mother that "girls just lie and make things up to drag [PLAINTIFF] into stuff."

99.     Upon information and belief, no action to remedy this form of bullying was taken by Defendants DOWLING, TAYLOR, and DOE TEACHERS 1-3.

**VI. Plaintiff John Doe's bullying is never addressed.**

100.    Plaintiff JOHN DOE and his mother repeatedly requested remedial measures.

101.    Defendants provided no suggestions for remedial measures or a solution for the bullying, harassment, and assaults Plaintiff JOHN DOE continuously faced.

102.    None of the incidents herein described were reported to the police or the Department of Children and Family Services.

103.    Since the subject incident, Plaintiff JOHN DOE has been struggling with educational and social setbacks, emotional distress, and depression, which he sees a therapist to address.

104.    Upon information and belief, Defendants took no action to discipline any of the students for their roles in the bullying, harassment, and assaults suffered by Plaintiff JOHN DOE, beyond asking them to apologize to Plaintiff JOHN DOE or sending them home early.

105.    Defendant DISTRICT 214 never disciplined Defendant School District 's actual agents, apparent agents, employees and/or servants, including SCHULER, DOWLING, LAXO, TAYLOR, and DOE TEACHERS 1-3, for their failure to enforce the bullying policy and the disciplinary policy, and for their use of disparate treatment and disparate discipline based on race.

106.    Defendants DISTRICT 214, SCHULER, DOWLING, LAXO, and TAYLOR, took no action to alter, change, edit, or add to the Handbook in order to minimize the disparate treatment, bullying, harassment, and assaults suffered by Plaintiff JOHN DOE.

107.    Defendants DISTRICT 214, SCHULER, DOWLING, LAXO, and TAYLOR took no action to enforce the provisions of the Handbook with respect to harassment, bullying, intimidation, or assaults in order to minimize the bullying, harassment, and assaults suffered by Plaintiff JOHN DOE.

108.    Defendants DISTRICT 214, SCHULER, DOWLING, LAXO, and TAYLOR took no action to educate students, parents, teachers, or coaches about racism, disparate treatment, bullying, harassment, and assaults in order to minimize bullying, harassment, and assaults suffered by Plaintiff JOHN DOE.

109.    As a result, Defendants DISTRICT 214, SCHULER, DOWLING, LAXO, and TAYLOR affirmatively sanctioned Prospect High School's custom or practice of turning a blind eye to bullying, harassment, and assaults and treating students of color disparately.

## COUNT I—WILFUL AND WANTON CONDUCT
**(Brought by John Doe v. School District 214, and Defendants Laxo, Sanecki, Dowling, Taylor and Doe Teachers 1-3, as agents)**

110. Plaintiff incorporates by reference all preceding paragraphs.

111. During the 2011-2012, 2012-2013, 2013-2014, and 2014-2015 academic years, School District 214, by and through its agents, Defendants DOWLING, LAXO, TAYLOR, SANECKI and DOE TEACHERS 1-3 had a duty to supervise and protect the physical safety of Prospect High School students and to refrain from acting with an utter indifference and/or conscious disregard for the safety and well-being of School District 214 students attending Prospect High School, including JOHN DOE.

112. School District 214 by and through its agents, Defendants DOWLING, LAXO, TAYLOR, SANECKI and DOE TEACHERS 1-3 breached their duty to JOHN DOE in the following ways:

a. Defendants knew or should have known that by not supervising their charges such acts of bullying and harassment could occur;

b. Defendants knew or should have known that their failure to properly supervise or discipline students and faculty posed a high probability of serious harm to students, including JOHN DOE; and

c. Defendants recklessly or consciously disregarded the substantial risks posed by not supervising or disciplining students.

113. As a direct and proximate result of these willful and wanton acts and/or omissions, JOHN DOE sustained serious injuries and suffered severe emotional distress.

114.    WHEREFORE, Plaintiff JOHN DOE prayS for judgment against Defendant School District 214 and Defendants DOWLING, LAXO, TAYLOR, SANECKI and DOE TEACHERS 1-3, as agents of School District 214, for money damages in excess of FIFTY THOUSAND DOLLARS ($50,000), interest on any damages awarded, and costs incurred in bringing this action.

### COUNT II—WILFUL AND WANTON CONDUCT
**(Brought by John Doe v. Defendants Laxo, Sanecki, Dowling, Taylor and Doe Teachers 1-3, individually)**

115.    Plaintiffs incorporate by reference all preceding paragraphs.

116.    During the 2011-2012, 2012-2013, 2013-2014, and 2014-2015 academic years, Defendants DOWLING, LAXO, TAYLOR, SANECKI and DOE TEACHERS 1-3, Defendant School District 214's actual agents, apparent agents, employees and/or servants, had a duty to supervise and protect the physical safety of Prospect High School students and to refrain from acting with an utter indifference and/or conscious disregard for the safety and well-being of School District 214 students attending Prospect High School, including JOHN DOE.

117.    Defendants DOWLING, LAXO, TAYLOR, SANECKI and DOE TEACHERS 1-3, Defendant School District 214's actual agents, apparent agents, employees and/or servants, breached their duty to JOHN DOE in the following ways:

    a.  Defendants knew or should have known that by not supervising their charges such acts of bullying and harassment could occur;

    b.  Defendants knew or should have known that their failure to properly supervise or discipline posed a high probability of serious harm to students, including JOHN DOE; and

      c.  Defendants recklessly or consciously disregarded the substantial risks posed by not supervising or disciplining students.

118.    As a direct and proximate result of these willful and wanton acts and/or omissions, JOHN DOE sustained serious injuries and suffered severe emotional distress.

WHEREFORE, Plaintiff JOHN DOE prays for judgment against Defendant School District 214 and its agents Defendants DOWLING, LAXO, TAYLOR, SANECKI and DOE TEACHERS 1-3, individually, for money damages in excess of FIFTY THOUSAND DOLLARS ($50,000), interest on any damages awarded, and costs incurred in bringing this action.

### COUNT III—INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
**(Brought by John Doe v. Defendants Laxo, Sanecki, Dowling, Taylor and Doe Teachers 1-3, individually)**

119.    Plaintiffs incorporate by reference all preceding paragraphs.

120.    While serving as JOHN DOE's school principal and teachers during the 2011-2012, 2012-2013, 2013-2014, and 2014-2015 academic years, Defendants DOWLING, LAXO, TAYLOR, SANECKI and DOE TEACHERS 1-3 had a duty to refrain from acting with extreme and outrageous conduct toward the students they supervised, including JOHN DOE.

121.    While serving as JOHN DOE's school principal and teachers, and despite duties, Defendants DOWLING, LAXO, TAYLOR, SANECKI and DOE TEACHERS 1-3 intentionally engaged in extreme and outrageous conduct in the following ways:

      a.  By continuously looking the other way when JOHN DOE was teased or bullied by other students;

      b.  Tolerating harassment and bullying in direct violation of district policy;

c. Placing JOHN DOE in a harmful environment by knowingly avoiding their responsibility to supervise students;

d. Detrimentally effecting JOHN DOE's mental health and substantially interfering with JOHN DOE's academic performance and ability to benefit from school services;

e. Not observing, supervising or investigating JOHN DOE's reported bullying to the same degree of white students';

f. Not administering the same amount of discipline and ramifications to other students' behavior towards JOHN DOE;

g. Taking no action to discipline students involved in abusing JOHN DOE;

h. Never disciplining faculty, including Defendant SANECKI, for their failure to treat or discipline JOHN DOE in the same way as others students;

i. Taking no action to educate students, teachers, and staff about assaults and/or bullying and/or racism;

j. Failing to intervene to stop the abuse, effectively sanctioning the abusive conduct; and

k. Providing no solution whatsoever to address JOHN DOE and his family's concerns.

122. Defendants DOWLING, LAXO, TAYLOR, SANECKI and DOE TEACHERS 1-3 failed to act on Plaintiff JOHN DOE's and his family's requests for assistance to end the treatment detailed above that JOHN DOE was receiving from his classmates and teachers.

123. Defendants DOWLING, LAXO, TAYLOR, SANECKI and DOE TEACHERS 1-3 intended their conduct to inflict severe emotional distress on JOHN DOE or recklessly or consciously disregarded the probability of causing emotional distress to JOHN DOE.

124. Defendants DOWLING, LAXO, TAYLOR, SANECKI and DOE TEACHERS 1-3 acted willfully, maliciously and with knowledge of or with conscious disregard of the harm that would be inflicted upon Plaintiff by subjecting JOHN DOE and watching JOHN DOE be subjected to unfair and different treatment, when compared to white students.

125. As a direct and proximate result of the acts and omissions set forth above JOHN DOE has been damaged in that he suffered and continues to suffer severe mental and emotional distress, stress, humiliation, shame, embarrassment, fear, and anxiety that has resulted in permanent damage to his social and emotional well-being and has impaired his ability to function at a level at which he could reasonably have been expected to function.

126. As a direct and proximate result of Defendants DOWLING, LAXO, TAYLOR, SANECKI and DOE TEACHERS 1-3's extreme and outrageous conduct, JOHN DOE has suffered severe emotional distress.

WHEREFORE, Plaintiff JOHN DOE prays for judgment against Defendants DOWLING, LAXO, TAYLOR, SANECKI and DOE TEACHERS 1-3, individually, for money damages in excess of FIFTY THOUSAND DOLLARS ($50,000), interest on any damages awarded, and costs incurred in bringing this action.

**COUNT IV—CIVIL RIGHTS VIOLATION UNDER 42 U.S.C § 1983 (MONELL CLAIM)**
**(Brought by John Doe v. Defendants Schuler, Laxo, Sanecki, Dowling, Taylor and Doe**
**Teachers 1-3, as agents)**

127.    Plaintiffs incorporate by reference all preceding paragraphs.

128.    The actions of Defendants resulted from, and were taken, pursuant to a *de facto* policy and widespread custom of not preventing or properly disciplining incidents of bullying on the basis of race, disparate disciplining and treatment on the basis of race, and insufficiently investigating bullying that occurs on the basis of race.

129.    This *de facto policy* and widespread custom of Defendant SCHOOL DISTRICT 214 is implemented by the Superintendent, Principals, including Defendants DOWLING, LAXO, TAYLOR, SANECKI and DOE TEACHERS 1-3, assistant principals, board members, and other employees of the said Defendant, all acting under the color of law, who chose to violate Plaintiff's constitutional rights, without rightful authority of law.

130.    The existence of the *de facto* policy and widespread custom described above has been known or should have been known to supervisory and policy making officers and officials of Defendant SCHOOL DISTRICT 214 for a substantial period of time.

131.    Despite their knowledge of the said illegal policy and practices, supervisory and policy-making officers and officials of the Defendant SCHOOL DISTRICT 214 have not taken steps to determine the said practices, have not disciplined or otherwise properly supervised the individual employees who engaged in the said practices, have not effectively trained the Superintendent, including Defendant

SCHULER, Principals, including Defendants LAXO and DOWLING, assistant principals, board members, and other employees with regard to the proper constitutional and statutory limits on the exercise of their authority, and have instead sanctioned the policy and the practices described herein.

132. That JOHN DOE has a clearly established right to equal access to all benefits and privileges of a public education and a right to be from offensive harassment in school.

133. School District 214's written policies and procedures, undertaking to implement and comply with Illinois' Bullying Prevention Act (105 ILCS 5/27-23.7), establish a minimum standard of conduct for District 214 employees, including Defendants Defendants SCHULER, DOWLING, LAXO, TAYLOR, SANECKI and DOE TEACHERS 1-3.

134. School District 214 purports to follow a policy, outlined in the Handbook, prohibits hazing or any kind of bullying or aggressive behavior that does physical or psychological harm to a staff person or another student, or urging other students to engage in such conduct. Prohibited conduct specifically includes, without limitation, any use of violence, intimidation, force, noise, coercion, threats, stalking, harassment, sexual harassment, public humiliation, theft or destruction of property, retaliation, hazing, bullying, bullying using a school computer or a school computer network, or other comparable conduct on the basis of actual or perceived color, race, or national origin, alongside many other protected classes, during any school sponsored education program or activity and while at the school, its property, or on its school busses.

135. According to School District 214 policy, the superintendent or designee has certain responsibilities when a report of bullying or abuse is made, including:

    a. Maintaining a bullying prevention plan that advances the District's goal of providing all students with a safe learning environment free of bullying and harassment;

    b. Promptly investigate and address reports of bullying by making all reasonable efforts to complete an investigation in 10 days;

    c. Involving school personnel;

    d. Notifying the school principal; and

    e. Providing information for support services;

136. School District 214 policy also requires the District, its personnel and teachers to maintain discipline and report acts of bullying.

137. School District 214 policy also requires that the District, its personnel and teachers explicitly refrain from isolated time outs and physical restraints to discipline or punish a student.

138. School District 214 policy was not followed by Defendant SCHOOL DISTRICT 214 in that:

    a. The School District 214 Superintendent or designee did not conduct any investigations into the abuse and bullying of JOHN DOE;

    b. The School District 214 Superintendent or designee did not contact Prospect High School personnel;

    c. The School District 214 Superintendent or designee did not contact the Prospect High School principal;

d.  The School District 214 Superintendent or designee did not provide information for support services;

e.  The School District 214 Superintendent or designee did not withhold privileges from any of the offenders;

f.  The School District 214 Superintendent or designee did not suspend any of the offenders for up to 10 days;

g.  The School District 214 Superintendent or designee did not notify parents/guardians;

h.  The School District 214 Superintendent or designee did not suspend bus-riding privileges;

i.  The School District 214 Superintendent or designee did not temporarily remove any of the offenders from the classrooms;

j.  The School District 214 Superintendent or designee did not issue in school suspension for any of the offenders.

k.  The School District 214 Superintendent or designee placed JOHN DOE in an isolated time out in a locked room; and

l.  The School District 214 Superintendent or designee took no steps to protect JOHN DOE against retaliation for reporting the bullying and harassment he faced.

139.  School District 214 policy was not followed by Defendants SCHULER, DOWLING, LAXO, TAYLOR, SANECKI and DOE TEACHERS 1-3, in that:

a.  SCHULER, DOWLING, LAXO, TAYLOR, SANECKI and DOE TEACHERS 1-3 did not conduct any investigations into the abuse and bullying of JOHN DOE;

b. SCHULER, DOWLING, LAXO, TAYLOR, SANECKI and DOE TEACHERS 1-3 did not contact Prospect High School personnel;

c. SCHULER, DOWLING, LAXO, TAYLOR, SANECKI and DOE TEACHERS 1-3 did not contact the Prospect High School principal;

d. SCHULER, DOWLING, LAXO, TAYLOR, SANECKI and DOE TEACHERS 1-3did not provide information for support services;

e. SCHULER, DOWLING, LAXO, TAYLOR, SANECKI and DOE TEACHERS 1-3 did not withhold privileges from any of the offenders;

f. SCHULER, DOWLING, LAXO, TAYLOR, SANECKI and DOE TEACHERS 1-3 did not suspend any of the offenders for up to 10 days;

g. SCHULER, DOWLING, LAXO, TAYLOR, SANECKI and DOE TEACHERS 1-3 did not notify parents/guardians;

h. SCHULER, DOWLING, LAXO, TAYLOR, SANECKI and DOE TEACHERS 1-3 did not suspend bus-riding privileges;

i. SCHULER, DOWLING, LAXO, TAYLOR, SANECKI and DOE TEACHERS 1-3 did not temporarily remove any of the offenders from the classrooms;

j. SCHULER, DOWLING, LAXO, TAYLOR, SANECKI and DOE TEACHERS 1-3 did not issue in-school suspensions;

k. SCHULER, DOWLING, LAXO, TAYLOR, SANECKI and DOE TEACHERS 1-3 placed JOHN DOE in an isolated time out in a locked room; and

l. SCHULER, DOWLING, LAXO, TAYLOR, SANECKI and DOE TEACHERS 1-3 took no steps to protect JOHN DOE against retaliation for reporting the bullying and harassment he faced.

140. School District 214 policy was not followed by Defendants DOE TEACHERS 1-3, its agents, in that:

    a. DOE TEACHERS 1-3 did not conduct any investigations into the abuse and bullying of JOHN DOE;

    b. DOE TEACHERS 1-3 did not contact Prospect High School personnel;

    c. DOE TEACHERS 1-3 did not contact the Prospect High School principal;

    d. DOE TEACHERS 1-3 did not provide information for support services;

    e. DOE TEACHERS 1-3 did not withhold privileges from any of the offenders;

    f. DOE TEACHERS 1-3 did not suspend any of the offenders for up to 10 days;

    g. DOE TEACHERS 1-3 did not notify parents/guardians;

    h. DOE TEACHERS 1-3 did not suspend bus-riding privileges;

    i. DOE TEACHERS 1-3 did not temporarily remove any of the offenders from the classrooms;

    j. DOE TEACHERS 1-3 did not issue in-school suspensions;

    k. DOE TEACHERS 1-3 placed JOHN DOE in an isolated time out in a locked room; and

    l. DOE TEACHERS 1-3 took no steps to protect JOHN DOE against retaliation for reporting the bullying and harassment he faced.

141. School District 214 policy was not being followed at Prospect High School during JOHN DOE's attendance and was not followed in the case of JOHN DOE's bullying, and in this action and omission Defendants SCHOOL DISTRICT 214, SCHULER, DOWLING, LAXO, TAYLOR, SANECKI and DOE TEACHERS 1-3

were deliberately indifferent to JOHN DOE, his disabilities, his race and subsequent deprivation of rights.

142.     Defendants' deliberate indifference to JOHN DOE's well-being and School District 214 policy reveal an obvious need for training regarding bullying, harassment, discipline, reporting obligations, and supervision.

143.     That the above actions and omissions by Defendants were deliberate and intentional and have resulted in violations of JOHN DOE's, rights to equal protection and due process, all in violation of the Fourteenth Amendment to the United States Constitution.

144.     That by reason of the aforesaid actions, DEFENDANT SCHOOL DISTRICT 214's actions exhibit deliberate indifference to and/or reckless disregard for the constitutional rights of JOHN DOE and other similarly situated students, all in violation of his constitutional rights, and as a direct and proximate result thereof, he sustained damages in an amount in excess of FIFTY THOUSAND DOLLARS ($50,000), interest on any damages awarded, and costs incurred in bringing this action.

145.     WHEREFORE, Plaintiff JOHN DOE, prays for judgment against Defendant School District 214 and Defendant, SCHULER, DOWLING, LAXO, TAYLOR, SANECKI and DOE TEACHERS 1-3, as agents of School District 214, for money damages in excess of FIFTY THOUSAND DOLLARS ($50,000), interest on any damages awarded, and costs incurred in bringing this action.

## COUNT V—CIVIL RIGHTS VIOLATION UNDER 42 U.S.C § 1983: SUBSTANTIVE DUE PROCESS
### (Brought by John Doe v Defendants Schuler, Laxo, Sanecki, Dowling, Taylor and Doe Teachers 1-3, as agents)

146.   Plaintiffs incorporate by reference all preceding paragraphs.

147.   That JOHN DOE has a clearly established right to equal access to all benefits and privileges of a public education and a right to be free from said illegal practices and policies.

148.   The actions and omissions of DEFENDANT SCHOOL DISTRICT 214 and its actual agents, apparent agents, employees and/or servants, including DEFENDANTS SCHULER, DOWLING, LAXO, TAYLOR, SANECKI and DOE TEACHERS 1-3, as described above, were arbitrary and capricious, and were not rationally related to any legitimate interest.

149.   As a result of Defendants' actions, JOHN DOE suffered a deprivation of his rights secured to him by the Fourteenth Amendment to the United States Constitution, and is thus entitled to an award of monetary damages from the individual Defendants.

150.   School District 214's written policies and procedures, undertaking to implement and comply with Illinois' Bullying Prevention Act (105 ILCS 5/27-23.7), establish a minimum standard of conduct for District 214 employees, including Defendants SCHULER, DOWLING, LAXO, TAYLOR, SANECKI and DOE TEACHERS 1-3.

151.   School District 214 purports to follow a policy, outlined in the Handbook, prohibits hazing or any kind of bullying or aggressive behavior that does physical or psychological harm to a staff person or another student, or urging other students to engage in such conduct. Prohibited conduct specifically includes, without

limitation, any use of violence, intimidation, force, noise, coercion, threats, stalking, harassment, sexual harassment, public humiliation, theft or destruction of property, retaliation, hazing, bullying, bullying using a school computer or a school computer network, or other comparable conduct on the basis of actual or perceived color, race, or national origin, alongside many other protected classes, during any school sponsored education program or activity and while at the school, its property, or on its school busses.

152.   According to School District 214 policy, the superintendent or designee has certain responsibilities when a report of bullying or abuse is made, including:

    f.  Maintaining a bullying prevention plan that advances the District's goal of providing all students with a safe learning environment free of bullying and harassment;

    g.  Promptly investigate and address reports of bullying by making all reasonable efforts to complete an investigation in 10 days;

    h.  Involving school personnel;

    i.  Notifying the school principal; and

    j.  Providing information for support services;

153.   School District 214 policy also requires the District, its personnel and teachers to maintain discipline and report acts of bullying.

154.   School District 214 policy also requires that the District, its personnel and teachers explicitly refrain from isolated time outs and physical restraints to discipline or punish a student.

155. School District 214 policy was not followed by Defendant SCHOOL DISTRICT 214 in that:

a. The School District 214 Superintendent or designee did not conduct any investigations into the abuse and bullying of JOHN DOE;

b. The School District 214 Superintendent or designee did not contact Prospect High School personnel;

c. The School District 214 Superintendent or designee did not contact the Prospect High School principal;

d. The School District 214 Superintendent or designee did not provide information for support services;

e. The School District 214 Superintendent or designee did not withhold privileges from any of the offenders;

f. The School District 214 Superintendent or designee did not suspend any of the offenders for up to 10 days;

g. The School District 214 Superintendent or designee did not notify parents/guardians;

h. The School District 214 Superintendent or designee did not suspend bus-riding privileges;

i. The School District 214 Superintendent or designee did not temporarily remove any of the offenders from the classrooms;

j. The School District 214 Superintendent or designee did not issue in school suspension for any of the offenders.

156.   School District 214 policy was not followed by Defendants SCHULER, DOWLING, LAXO, TAYLOR, SANECKI and DOE TEACHERS 1-3, in that:

a.   SCHULER, DOWLING, LAXO, TAYLOR, SANECKI and DOE TEACHERS 1-3 did not conduct any investigations into the abuse and bullying of JOHN DOE;

b.   SCHULER, DOWLING, LAXO, TAYLOR, SANECKI and DOE TEACHERS 1-3 did not contact Prospect High School personnel;

c.   SCHULER, DOWLING, LAXO, TAYLOR, SANECKI and DOE TEACHERS 1-3 did not contact the Prospect High School principal;

d.   SCHULER, DOWLING, LAXO, TAYLOR, SANECKI and DOE TEACHERS 1-3 did not provide information for support services;

e.   SCHULER, DOWLING, LAXO, TAYLOR, SANECKI and DOE TEACHERS 1-3 did not withhold privileges from any of the offenders;

f.   SCHULER, DOWLING, LAXO, TAYLOR, SANECKI and DOE TEACHERS 1-3 did not suspend any of the offenders for up to 10 days;

g.   SCHULER, DOWLING, LAXO, TAYLOR, SANECKI and DOE TEACHERS 1-3 did not notify parents/guardians;

h.   SCHULER, DOWLING, LAXO, TAYLOR, SANECKI and DOE TEACHERS 1-3 did not suspend bus-riding privileges;

i.   SCHULER, DOWLING, LAXO, TAYLOR, SANECKI and DOE TEACHERS 1-3 did not temporarily remove any of the offenders from the classrooms;

j.   SCHULER, DOWLING, LAXO, TAYLOR, SANECKI and DOE TEACHERS 1-3 did not issue in-school suspensions;

    k.  SCHULER, DOWLING, LAXO, TAYLOR, SANECKI and DOE TEACHERS 1-3 placed JOHN DOE in an isolated time out in a locked room; and

    l.  SCHULER, DOWLING, LAXO, TAYLOR, SANECKI and DOE TEACHERS 1-3 took no steps to protect JOHN DOE against retaliation for reporting the bullying and harassment he faced.

157.    School District 214 policy was not followed by Defendant DOE TEACHERS 1-3, in that:

    a.  DOE TEACHERS 1-3 did not conduct any investigations into the abuse and bullying of JOHN DOE;

    b.  DOE TEACHERS 1-3 did not contact Prospect High School personnel;

    c.  DOE TEACHERS 1-3 did not contact the Prospect High School principal;

    d.  DOE TEACHERS 1-3 did not provide information for support services;

    e.  DOE TEACHERS 1-3 did not withhold privileges from any of the offenders;

    f.  DOE TEACHERS 1-3 did not suspend any of the offenders for up to 10 days;

    g.  DOE TEACHERS 1-3 did not notify parents/guardians;

    h.  DOE TEACHERS 1-3 did not suspend bus-riding privileges;

    i.  DOE TEACHERS 1-3 did not temporarily remove any of the offenders from the classrooms;

    j.  DOE TEACHERS 1-3 did not issue in-school suspensions;

    k.  DOE TEACHERS 1-3 placed JOHN DOE in an isolated time out in a locked room; and

    l.  DOE TEACHERS 1-3 took no steps to protect JOHN DOE against retaliation for reporting the bullying and harassment he faced.

158. School District 214 policy was not being followed at Prospect High School during JOHN DOE's attendance and was not followed in the case of JOHN DOE's bullying, and in this action and omission Defendants SCHOOL DISTRICT 214, SCHULER, DOWLING, LAXO, TAYLOR, SANECKI and DOE TEACHERS 1-3 were deliberately indifferent to JOHN DOE, his disabilities, and subsequent deprivation of rights.

159. Defendants' deliberate indifference to JOHN DOE's well-being and School District 214 policy reveal an obvious need for training regarding bullying, harassment, discipline, reporting obligations, and supervision.

160. Defendants put JOHN DOE into danger and a situation where their obligations to discipline, report, and supervise were not possible to fulfill by telling him not to tattle on his classmates without taking his disability into consideration.

161. Defendants had a duty to observe, supervise, and protect JOHN DOE during outdoor breaks and recess and they failed to do so.

162. As a direct and proximate result of the acts and omissions set forth above, JOHN DOE suffered and continues to suffer a deprivation of his rights secured to him by the Fourteenth Amendment to the United States Constitution, and is thus entitled to an award of monetary damages from the individual Defendants.

163. As a direct and proximate result of the acts and omissions set forth above, JOHN DOE suffered and continues to suffer severe mental and emotional distress, humiliation, shame, embarrassment, fear, and anxiety and has resulted in permanent damage to his social and emotional well-being, and is thus entitled to an award of monetary damages from the individual Defendants.

164.    WHEREFORE, JOHN DOE prays for judgment against Defendant School District 214 and Defendants SCHULER, DOWLING, LAXO, TAYLOR, SANECKI and DOE TEACHERS 1-3, as agents of School District 214, for money damages in excess of FIFTY THOUSAND DOLLARS ($50,000), interest on any damages awarded, and costs incurred in bringing this action.

## COUNT VI—CIVIL RIGHTS VIOLATION UNDER 42 U.S.C § 1983: EQUAL PROTECTION
**(Brought by John Doe v. Defendants Schuler, Laxo, Sanecki, Dowling, Taylor and Doe Teachers 1-3, as agents)**

165.    Plaintiffs incorporate by reference all preceding paragraphs.

166.    That at all relevant times, DEFENDANT SCHOOL DISTRICT 214 AND DEFENDANTS SCHULER, DOWLING, LAXO, TAYLOR, and DOE TEACHERS 1-3 were acting as agents of and under color of state law.

167.    That the above actions by DEFENDANT SCHOOL DISTRICT 214 and its actual agents, apparent agents, employees and/or servants, including DEFENDANTS SCHULER, DOWLING, LAXO, TAYLOR, SANECKI and DOE TEACHERS 1-3 have resulted in the denial of equal protection rights, as a "class of one," all in violation of the Fourteenth Amendment to the United States Constitution, as Plaintiff was retaliated against, harassed, disciplined, intimidated, and required to withdraw from school, all against his will, and differently than those similarly situated students.

168.    That the actions of Defendants were the result of personal animus against JOHN DOE, and said actions and denials were taken without any rational basis.

169. That by reason of the aforesaid actions, Defendants' actions exhibit deliberate indifference to and/or reckless disregard for the constitutional rights of JOHN DOE and other similarly situated students, all in violation of his constitutional rights.

170. That by reason of the aforesaid actions, JOHN DOE suffered actions that were not inflicted upon regular education students that did not have disabilities.

171. JOHN DOE was intentionally treated differently from the rest of his peers and there was no rational basis for the different treatment, including being told not to tattle on other students, being subjected to bullying, harassment, and sexual assaults by other students, and DEFENDANTS SCHULER, DOWLING, LAXO, TAYLOR, SANECKI and DOE TEACHERS 1-3 not taking adequate action to prevent or deter the conduct complained of.

172. School District 214 purports to follow a policy, outlined in the Handbook, prohibits hazing or any kind of bullying or aggressive behavior that does physical or psychological harm to a staff person or another student, or urging other students to engage in such conduct. Prohibited conduct specifically includes, without limitation, any use of violence, intimidation, force, noise, coercion, threats, stalking, harassment, sexual harassment, public humiliation, theft or destruction of property, retaliation, hazing, bullying, bullying using a school computer or a school computer network, or other comparable conduct on the basis of actual or perceived color, race, or national origin, alongside many other protected classes, during any school sponsored education program or activity and while at the school, its property, or on its school busses.

173. According to School District 214 policy, the superintendent or designee has certain responsibilities when a report of bullying or abuse is made, including:

k. Maintaining a bullying prevention plan that advances the District's goal of providing all students with a safe learning environment free of bullying and harassment;

l. Promptly investigate and address reports of bullying by making all reasonable efforts to complete an investigation in 10 days;

m. Involving school personnel;

n. Notifying the school principal; and

o. Providing information for support services;

174. School District 214 policy also requires the District, its personnel and teachers to maintain discipline and report acts of bullying.

175. School District 214 policy also requires that the District, its personnel and teachers explicitly refrain from isolated time outs and physical restraints to discipline or punish a student,

176. School District 214 policy was not followed by Defendant SCHOOL DISTRICT 214 in that:

a. The School District 214 Superintendent or designee did not conduct any investigations into the abuse and bullying of JOHN DOE;

b. The School District 214 Superintendent or designee did not contact Prospect High School personnel;

c. The School District 214 Superintendent or designee did not contact the Prospect High School principal;

d. The School District 214 Superintendent or designee did not provide information for support services;

e. The School District 214 Superintendent or designee did not withhold privileges from any of the offenders;

f. The School District 214 Superintendent or designee did not suspend any of the offenders for up to 10 days;

g. The School District 214 Superintendent or designee did not notify parents/guardians;

h. The School District 214 Superintendent or designee did not suspend bus-riding privileges;

i. The School District 214 Superintendent or designee did not temporarily remove any of the offenders from the classrooms;

j. The School District 214 Superintendent or designee did not issue in school suspension for any of the offenders.

177. School District 214 policy was not followed by Defendants SCHULER, DOWLING, LAXO, TAYLOR, SANECKI and DOE TEACHERS 1-3, in that:

a. SCHULER, DOWLING, LAXO, TAYLOR, SANECKI and DOE TEACHERS 1-3 did not conduct any investigations into the abuse and bullying of JOHN DOE;

b. SCHULER, DOWLING, LAXO, TAYLOR, SANECKI and DOE TEACHERS 1-3 did not contact Prospect High School personnel;

c. SCHULER, DOWLING, LAXO, TAYLOR, SANECKI and DOE TEACHERS 1-3 did not contact the Prospect High School principal;

    d.  SCHULER, DOWLING, LAXO, TAYLOR, SANECKI and DOE TEACHERS 1-3 did not provide information for support services;

    e.  SCHULER, DOWLING, LAXO, TAYLOR, SANECKI and DOE TEACHERS 1-3 did not withhold privileges from any of the offenders;

    f.  SCHULER, DOWLING, LAXO, TAYLOR, SANECKI and DOE TEACHERS 1-3 did not suspend any of the offenders for up to 10 days;

    g.  SCHULER, DOWLING, LAXO, TAYLOR, SANECKI and DOE TEACHERS 1-3 did not notify parents/guardians;

    h.  SCHULER, DOWLING, LAXO, TAYLOR, SANECKI and DOE TEACHERS 1-3 did not suspend bus-riding privileges;

    i.  SCHULER, DOWLING, LAXO, TAYLOR, SANECKI and DOE TEACHERS 1-3 did not temporarily remove any of the offenders from the classrooms;

    j.  SCHULER, DOWLING, LAXO, TAYLOR, SANECKI and DOE TEACHERS 1-3 did not issue in-school suspensions;

    k.  SCHULER, DOWLING, LAXO, TAYLOR, SANECKI and DOE TEACHERS 1-3 placed JOHN DOE in an isolated time out in a locked room; and

    l.  SCHULER, DOWLING, LAXO, TAYLOR, SANECKI and DOE TEACHERS 1-3 took no steps to protect JOHN DOE against retaliation for reporting the bullying and harassment he faced.

178.    School District 214 policy was not followed by Defendant DOE TEACHERS 1-3, in that:

    a.  DOE TEACHERS 1-3 did not conduct any investigations into the abuse and bullying of JOHN DOE;

    b.  DOE TEACHERS 1-3 did not contact Prospect High School personnel;

    c.  DOE TEACHERS 1-3 did not contact the Prospect High School principal;

    d.  DOE TEACHERS 1-3 did not provide information for support services;

    e.  DOE TEACHERS 1-3 did not withhold privileges from any of the offenders;

    f.  DOE TEACHERS 1-3 did not suspend any of the offenders for up to 10 days;

    g.  DOE TEACHERS 1-3 did not notify parents/guardians;

    h.  DOE TEACHERS 1-3 did not suspend bus-riding privileges;

    i.  DOE TEACHERS 1-3 did not temporarily remove any of the offenders from the classrooms;

    j.  DOE TEACHERS 1-3 did not issue in-school suspensions;

    k.  DOE TEACHERS 1-3 placed JOHN DOE in an isolated time out in a locked room; and

    l.  DOE TEACHERS 1-3 took no steps to protect JOHN DOE against retaliation for reporting the bullying and harassment he faced.

179.    School District 214 policy was not being followed at Prospect High School during JOHN DOE's attendance and was not followed in the case of JOHN DOE's bullying, and in this action and omission Defendants SCHOOL DISTRICT 214, SCHULER, DOWLING, LAXO, TAYLOR, SANECKI and DOE TEACHERS 1-3 were deliberately indifferent to JOHN DOE, his disabilities, and subsequent deprivation of rights.

180.    Defendants' deliberate indifference to JOHN DOE's safety and School District 214 policy showcase an obvious need for training regarding bullying, harassment, discipline, reporting obligations, and supervision during outdoor break or recess.

181. Defendants put JOHN DOE into danger and a situation where their obligations to discipline, report, and supervise were not possible to fulfill by telling him not to tattle on his classmates without taking his disability into consideration.

182. Defendants had a duty to observe, supervise, and protect JOHN DOE during outdoor breaks and recess and they failed to do so.

183. As a direct and proximate result of the acts and omissions set forth above, JOHN DOE suffered and continues to suffer a deprivation of his rights secured to him by the Fourteenth Amendment to the United States Constitution, and is thus entitled to an award of monetary damages from the individual Defendants.

184. As a direct and proximate result of the acts and omissions set forth above, JOHN DOE suffered and continues to suffer severe mental and emotional distress, humiliation, shame, embarrassment, fear, and anxiety and has resulted in permanent damage to his social and emotional well-being, and is thus entitled to an award of monetary damages from the individual Defendants.

185. WHEREFORE, JOHN DOE prays for judgment against Defendant SCHOOL DISTRICT 214 and Defendants SCHULER, DOWLING, LAXO, TAYLOR, SANECKI and DOE TEACHERS 1-3, as agents of School District 214, for money damages in excess of FIFTY THOUSAND DOLLARS ($50,000), interest on any damages awarded, and costs incurred in bringing this action.

### Count VII- Race Discrimination in Violation of 42 U.S.C. § 1983
**(Brought by John Doe v. Defendants Schuler, Laxo, Sanecki, Dowling, Taylor and Doe Teachers 1-3, as agents)**

186. Plaintiffs incorporate by reference all preceding paragraphs.

187.  At all relevant times, the individual Defendants were acting under the color of law and within the scope of their employment with School District 214.

188.  The individual Defendants deprived JOHN DOE of his Fourteenth Amendment right to be free from racial discrimination at the hands of a public institution and its employees.

189.  JOHN DOE, an African American child, was repeatedly subjected to racial harassment and discrimination by students at Prospect High School, of which Defendants SCHULER, DOWLING, LAXO, TAYLOR, SANECKI and DOE TEACHERS 1-3 were aware.

190.  In their supervisory capacities with Prospect High School or School District 214, Defendants SCHULER, DOWLING, LAXO, TAYLOR, SANECKI and DOE TEACHERS 1-3 failed to take any reasonable steps to rectify the past instances of racial discrimination directed at JOHN DOE or to prevent future racially discriminatory conduct.

191.  In so doing, Defendants SCHULER, DOWLING, LAXO, TAYLOR, SANECKI and DOE TEACHERS 1-3 acquiesced in the students' racially discriminatory conduct and, therefore, acted with a deliberate or reckless disregard of JOHN DOE's constitutional rights.

192.  As a result, each of the individual Defendants was personally involved in the deprivation of JOHN DOE's constitutional rights.

193.  As a direct consequence of the individual Defendants' actions, JOHN DOE has suffered, and continues to suffer, mental anguish, embarrassment, and humiliation for which he is entitled to compensatory damages and punitive damages.

194.    Defendants SCHULER, DOWLING, LAXO, TAYLOR, SANECKI and DOE
        TEACHERS 1-3 knew or should have known that the students at Prospect High
        School exhibited discriminatory conduct toward African American children in its
        capacity as Prospect High School teachers and administrators prior to the 2011-
        2015 school years.

195.    School District 214, by and through its employees, including Defendants
        SCHULER, DOWLING, LAXO, TAYLOR, SANECKI and DOE TEACHERS 1-3,
        had notice of Prospect High School student's propensity for discriminatory behavior
        prior to the 2011-2012 school years and consciously disregarded JOHN DOE's
        safety when it allowed the discrimination by other students to persist and continue.

196.    Given consistent and pervasive discriminatory behavior toward JOHN DOE, which
        was brought to the attention of school officials, the discriminatory conduct of
        Prospect High School Students toward JOHN DOE was foreseeable.

197.    As a direct and proximate result of the acts and omissions set forth above, JOHN
        DOE suffered and continues to suffer severe mental and emotional distress,
        humiliation, shame, embarrassment, fear, and anxiety and has resulted in permanent
        damage to his social and emotional well-being, and is thus entitled to an award of
        monetary damages from the individual Defendants.

WHEREFORE, JOHN DOE prays for judgment against Defendant School District 214 and
Defendants SCHULER, DOWLING, LAXO, TAYLOR, SANECKI and DOE TEACHERS
1-3, as agents of School District 214, for money damages in excess of FIFTY THOUSAND
DOLLARS ($50,000), interest on any damages awarded, and costs incurred in bringing this
action.

**Count VIII Violation of Title VI of the Civil Rights Act 42 U.S.C. §§ 2000d -- 2000d7**
**(Brought by John Doe Defendants Schuler, Laxo, Sanecki, Dowling, Taylor and Doe**
**Teachers 1-3, as agents)**

198.    Plaintiffs incorporate by reference all preceding paragraphs.

199.    Under Title VI of the Civil Rights Act of 1964, and its implementing regulations, no
individual may be excluded from participation in, be denied the benefits of, or
otherwise be subjected to discrimination on the grounds of race, color, or national
origin under any program or activity that knowingly received federal funds.

200.    The existence of a racially hostile environment that is created, encouraged,
accepted, tolerated, or left uncorrected by a recipient of federal funds also
constitutes improper treatment on the basis of race in violation of Title VI.

201.    As a public institution, School District 214 is a recipient of federal funds.

202.    School District 214 had notice, through its agents and employees, of the existence
of a racially hostile education environment at Prospect High School.

203.    School District 214 failed to respond adequately to redress the racially hostile
environment.

204.    The racial harassment of JOHN DOE was so severe, pervasive, and objectively
offensive that, when taken in conjunction with the deliberate indifference of School
District 214, it deprived JOHN DOE of equal access to the educational
opportunities and benefits provided by Prospect High School and had a concrete,
negative effect on JOHN DOE's access to education.

205.    School District 214 had actual knowledge of repeated acts of racial harassment
aimed at JOHN DOE by the students of Prospect High School, yet remained idle

and took no steps to remedy the situation. School District 214's actions demonstrated deliberate indifference to the harassment of JOHN DOE in violation of his state and federally protected rights.

206. School District 214's deliberate indifference to the racial harassment of JOHN DOE is further evidenced by its failure to timely adopt and file with the Illinois State Board of Education a policy on bullying as required by 105 ILCS 5/27-23.7.

207. 105 ILCS 5/27-23.7 (effective June 28, 2010) provides that: "Each school district shall create and maintain a policy on bullying, which policy must be filed with the State Board of Education. Each school district and non-public, non-sectarian elementary or secondary school must communicate its policy on bullying to its students and their parent or guardian on an annual basis. The policy must be updated every 2 years and filed with the State Board of Education after being updated."

208. As a direct consequence of School District 214's actions, JOHN DOE has suffered, and continues to suffer, mental anguish, embarrassment, and humiliation for which he is entitled to compensatory damages.

WHEREFORE, JOHN DOE prays for judgment against Defendant School District 214 and Defendants SCHULER, DOWLING, LAXO, TAYLOR, SANECKI and DOE TEACHERS 1-3, as agents of School District 214, for money damages in excess of FIFTY THOUSAND DOLLARS ($50,000), interest on any damages awarded, and costs incurred in bringing this action.

Respectfully Submitted,

ROMANUCCI & BLANDIN, LLC

By

Attorney for Plaintiffs

Antonio M. Romanucci
Bhavani Raveendran
**ROMANUCCI & BLANDIN, LLC**
321 North Clark Street
Suite 900
Chicago, IL 60654
Tel: (312) 458-1000
Fax: (312) 458-1004
Attorney No.: 35875